# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| LANDMARK TECHNOLOGY, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>ABERCROMBIE & FITCH COMPANY<br><br>    Defendant. | CASE NO. 6:14-CV-243<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Landmark Technology, LLC ("Landmark"), for its Complaint against Abercrombie & Fitch Company ("Defendant"), alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for patent infringement in violation of the Patent Act of the United States, 35 U.S.C. §§ 1 *et seq*.

2. This Court has original and exclusive subject matter jurisdiction over the patent infringement claims for relief under 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant has transacted and is transacting business in the Eastern District of Texas that includes, but is not limited to, the use of products and systems that practice the subject matter claimed in the patents involved in this action.

4. Venue is proper in this district under 28 U.S.C. §1391(b-c) and 1400(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District where Defendant has done business and committed infringing acts and continues to do business and to commit infringing acts.

## PARTIES

5. Plaintiff Landmark Technology, LLC ("Plaintiff") is a limited liability company organized under the laws of the State of Delaware with its principal place of business at 719 W. Front Street, Suite 157, Tyler, Texas 75702.

6. Plaintiff is informed and believes, and on that basis alleges, that Defendant Abercrombie & Fitch Company ("Abercrombie") is a corporation organized under the laws of the State of New York, with its principal place of business at 19 E. 57th Street, New York, NY 10022.  Plaintiff is further informed and believes, and on that basis alleges, that Abercrombie is in the business of selling clothing, fragrances and accessories, and derives a significant portion of its revenue from sales and distribution via electronic commerce conducted on and using at least, but not limited to, the Internet website located at www.abercrombie.com (the "Website") and/or the Abercrombie iOS application (the "App").  Plaintiff is informed and believes, and on that basis alleges, that, at all times relevant hereto, Abercrombie has done and continues to do business in this judicial district, including, but not limited to, selling products to customers located in this judicial district by way of the Abercrombie Website and/or App.

## FACTS

7. On September 11, 2001, United States Patent No. 6,289,319 entitled "Automated Business and Financial Transaction Processing System" was duly and legally issued to Lawrence B. Lockwood as inventor.  A true and correct copy of United States Patent No. 6,289,319 is attached hereto as Exhibit "A" and incorporated herein by this reference.  Following a reexamination of Patent No. 6,289,319, the United States Patent and Trademark Office issued an Ex Parte Reexamination Certificate, Number US 6,289,319 C1, on July 17, 2007, confirming the validity of all six (6) original claims and allowing twenty-two (22) additional claims.  A true and correct copy of Ex Parte Reexamination Certificate, Number US 6,289,319 C1 is attached hereto as Exhibit "B" and incorporated herein by this reference.  Following a second reexamination of Patent No. 6,289,319, the United States Patent and Trademark Office issued an Ex Parte Reexamination Certificate, Number US 6,289,319 C2, on Jan 31, 2013, confirming the validity

of all twenty eight (28) original claims.  A true and correct copy of Ex Parte Reexamination Certificate, Number US 6,289,319 C2 is attached hereto as Exhibit "C" and incorporated herein by this reference (United States Patent No. 6,289,319, together with the additional claims allowed by Ex Parte Reexamination Certificate, Number US 6,289,319 C1, and reaffirmed by Ex Parte Reexamination Certificate, Number US 6,289,319 C2 shall hereinafter be referred to as the "'319 Patent.")  On September 1, 2008, Lockwood licensed all rights in the '319 Patent to Plaintiff.  Plaintiff is the exclusive licensee of the entire right, title and interest in and to the '319 Patent, including all rights to enforce the '319 Patent and to recover for infringement.  The '319 Patent is valid and in force.

8. As more fully laid out below, Defendant has been and is now infringing the '319 Patent, in this judicial district and elsewhere, by selling and distributing its products and services using electronic commerce systems, which, individually or in combination, incorporate and/or use subject matter claimed by the '319 Patent.

## FIRST CLAIM FOR RELIEF

**(Direct Infringement of the '319 Patent, in Violation of 35 U.S.C. § 271(a))**

9. Plaintiff refers to and incorporates herein by reference paragraphs 1-8.

10. The claims of the '319 Patent relate to "an automated data processing system for processing business and financial transactions between entities from remote sites" comprising a variety of features.

11. The Abercrombie Website and the Abercrombie App are each "an automated data processing system for processing business and financial transactions between entities from remote sites" practicing the claims of the '319 Patent.

12. By way of example only, and not limited to, Defendant's App and supporting server infringes Claim 1 of the '319 Patent in that, the Defendant's App and supporting server provides a system that practices all of the limitations of the claim and on which Defendant processes business information and places purchase orders, including:

        a.      The App and supporting server is an automatic data processing system for processing business and financial transactions between entities from remote sites running the Defendant's App which is in communication with the Defendant's server.

        b.      The Defendant's system includes a central processor (the server and its supporting systems) programmed and connected to process a variety of inquiries and orders transmitted from the Defendant's App running a said remote sites.  Defendant's system allows for a broad range of transactions, thus a range of orders are possible.  The system processes a "variety of inquiries," such as inquiries regarding order history and order status.

        c.      The system is operated through a terminal (the Defendant's computer(s) or point-of-sale terminal(s)) at each of said remote sites, which terminal includes a data processor and operates in response to operational sequencing lists of program instructions (the App code constituting the mobile shopping systems).

        d.      The server of the System and Defendant's computerized station(s) App practice all of the remaining limitations of Claim 1 of the '319 Patent.

13. Defendant, therefore, by the acts complained of herein, is making, using, selling, or offering for sale in the United States, including in the Eastern District of Texas, products and/or services embodying the invention, and has in the past and is now continuing to infringe the '319 Patent, either literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(a).

14. Defendant threatens to continue to engage in the acts complained of herein and, unless restrained and enjoined, will continue to do so, all to Plaintiff's irreparable injury.  It would be difficult to ascertain the amount of compensation that would afford Plaintiff adequate relief for such future and continuing acts, and a multiplicity of judicial proceedings would be required.  Plaintiff does not have an adequate remedy at law to compensate it for the injuries threatened.

15. By reason of the acts of Defendant alleged herein, Plaintiff has suffered damage in an amount to be proved at trial.

## SECOND CLAIM FOR RELIEF

### (Inducing Infringement of the '319 Patent, in Violation of 35 U.S.C. § 271(b))

16. Plaintiff refers to and incorporates herein by reference paragraphs 1-15.

17. Plaintiff is informed and believes, and on that basis alleges, that Defendant has actively and knowingly induced infringement of the '319 Patent, in violation of 35 U.S.C. § 271(b) by, among other things, inducing its customers (the end users of its Website and/or App) to utilize their own computers in combination with its Website, and incorporated and/or related systems, to search for and order information and products from its Website in such a way as to infringe the '319 Patent.

18. On information and belief, Defendant has had knowledge of the '319 Patent at least as earlier as the service of this complaint.

19. By reason of the acts of Defendant alleged herein, Plaintiff has suffered damage in an amount to be proved at trial.

20. Defendant threatens to continue to engage in the acts complained of herein and, unless restrained and enjoined, will continue to do so, all to Plaintiff's irreparable injury. Plaintiff does not have an adequate remedy at law.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A. For an order finding that the '319 Patent is valid and enforceable;

B. For an order finding that, by the acts complained of herein, Defendant has directly infringed, and induced others to infringe, the '319 Patent in violation of 35 U.S.C. § 271;

C. For an order temporarily, preliminarily and permanently enjoining Defendant, its officers, directors, agents, servants, affiliates, employees, subsidiaries, divisions, branches, parents, attorneys, representatives, and all others acting in concert or privity with any of them, from infringing the '319 Patent, and from inducing others to infringe the '319 Patent;

D. For an order directing Defendant to deliver to Plaintiff for destruction or other disposition all infringing products and systems in its possession;

E. For an order directing Defendant to file with the Court, and serve upon Plaintiff's counsel, within thirty (30) days after entry of the order of injunction, a report setting forth the manner and form in which Defendant has complied with the injunction;

F. For an order awarding Plaintiff general and/or specific damages, including a reasonable royalty and/or lost profits, in amounts to be fixed by the Court in accordance with proof, including enhanced and/or exemplary damages, as appropriate, as well as all of Defendant's profits or gains of any kind from its acts of patent infringement;

G. For an order awarding Plaintiff all of its costs, including its attorneys' fees, incurred in prosecuting this action, including, without limitation, pursuant to 35 U.S.C. § 285 and other applicable law;

H. For an order awarding Plaintiff pre-judgment and post-judgment interest; and

I. For an order awarding Plaintiff such other and further relief as the Court may deem just and proper.

DATED:  April 4, 2014                                   Respectfully Submitted,

**OF COUNSEL:**                                         By: */s/ Charles Ainsworth*

Jeffer Mangels Butler & Mitchell LLP                    Charles Ainsworth
                                                        State Bar No.  00783521
    Stanley M. Gibson                Robert Christopher Bunt
    (Cal. Bar No. 162329)             State Bar No. 00787165
    *smg@jmbm.com*                     PARKER, BUNT & AINSWORTH, P.C.
                                                        100 E. Ferguson, Suite 1114
    Ali Shalchi                       Tyler, TX 75702
    (Cal. Bar No. 239164)             903/531-3535
    *axs@jmbm.com*                     903/533-9687
                                                        E-mail: charley@pbatyler.com
1900 Avenue of the Stars, Seventh Floor                 E-mail: rcbunt@pbatyler.com
Los Angeles, CA 90067
Telephone: (310) 203-8080                               Attorneys for Plaintiff,
Facsimile: (310) 203-0567                               Landmark Technology, LLC